1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY DEAN,

11             Plaintiff,                    No. 2:08-cv-2398-LKK-JFM (PC)

12       vs.

13   HAZEWOOD, et al.,

14             Defendants.                   ORDER

15   _____/

16             Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Plaintiff filed his complaint on October 10, 2008, and paid the filing fee on

18   December 9, 2008.

19             Plaintiff's complaint states a cognizable claim for relief pursuant to 42 U.S.C.

20   § 1983 and 28 U.S.C. § 1915A(b) against defendants Hazewood, Sparks, Reid, Scruggs,

21   Turnquist, Ralls, and Macravel.  If the allegations of the complaint are proven, plaintiff has a

22   reasonable opportunity to prevail on the merits of the action.  The Clerk of the Court will be

23   directed to issue the appropriate number of summonses to plaintiff for purposes of service of

24   process.  See Federal Rule of Civil Procedure 4.

25   /////

26   /////

                                          1

Within sixty days from the date of this order plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4 and inform the court in writing of the date and manner of service of process.[1]  Plaintiff shall serve a copy of this order with the attach form on each defendant together with a summons and a copy of the complaint.

The parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the Circuit Court of Appeals.  An appropriate form for consent to trial by a magistrate judge is attached.  Each party shall complete and return the form to the clerk of this court not later than ninety days from the date of this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court is directed to issue and send plaintiff seven summonses, for defendants Hazewood, Sparks, Reid, Scruggs, Turnquist, Ralls, and Macravel.  The Clerk shall also send plaintiff eight forms regarding consent or reassignment.

2.  Within sixty days from the date of this order plaintiff shall complete service of process on the defendants and inform the court in writing of the date and manner of service of process.  Plaintiff shall serve a copy of this order and a copy of the form regarding consent or reassignment on each defendant at the time the summons and complaint are served.

3.  Defendants shall reply to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

4.  Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall be briefed pursuant to Local Rule 78-230(m).  Failure to oppose such a motion timely may be

/////

---

[1]  Plaintiff is cautioned that this action may be dismissed if service of process is not accomplished within 120 days from the date the complaint was filed.  See Fed. R. Civ. P. 4(m).

1    deemed a waiver of opposition to the motion.  Opposition to all other motions need be filed only

2    as directed by the court.

3              5.  If plaintiff is released from prison at any time during the pendency of this case,

4    any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule

5    78-230(m).  In the absence of a court order granting such a request, the provisions of Local Rule

6    78-230(m) will govern all motions described in #5 above regardless of plaintiff's custodial status.

7    See Local Rule 1-102(d).

8              6.  Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003),

9    plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to

10   exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of

11   the Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of unexhausted

12   claims without prejudice.  The defendant may submit affidavits or declarations under penalty of

13   perjury and admissible documentation to support the motion to dismiss.  To oppose the motion,

14   plaintiff may likewise file declarations under penalty of perjury and admissible documentation.

15   Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the

16   complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to

17   the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve

18   and file one or more affidavits or declarations by other persons who have personal knowledge of

19   relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the

20   records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence

21   with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides

22   submit matters outside the pleadings, the court may look beyond the pleadings and decide

23   disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the

24   court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the

25   defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's

26   unexhausted claims will be dismissed without prejudice.

7.   Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), <u>cert.</u> denied, 527 U.S. 1035 (1999), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion is a request for an order for judgment in favor of defendants without trial.  A defendant's motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion.  If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion.  If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

1    8.  A motion or opposition supported by unsigned affidavits or declarations will

2    be stricken.

3    9.  Each party shall keep the court informed of a current address at all times while

4    the action is pending.  Any change of address must be reported promptly to the court in a separate

5    document captioned for this case and entitled "Notice of Change of Address."  A notice of

6    change of address must be properly served on other parties.  Pursuant to Local Rule 83-182(f),

7    service of documents at the record address of a party is fully effective.  Failure to inform the

8    court of a change of address may result in the imposition of sanctions including dismissal of the

9    action.

10    10.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of

11    Court.

12    11.  The failure of any party to comply with this order, the Federal Rules of Civil

13    Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but

14    not limited to, dismissal of the action or entry of default.  Fed. R. Civ. P. 11; Local Rule 11-110.

15    DATED:  January 14, 2009.

16

17                                        UNITED STATES MAGISTRATE JUDGE

18

19    12

20    dean2398.8fee

21

22

23

24

25

26

5