IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY DEAN,

    Plaintiff,                      No. 2:08-cv-2398 JFM (PC)

    vs.

HAZEWOOD, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  This matter is proceeding before the undersigned, a United States Magistrate Judge, with the consent of the parties pursuant to 28 U.S.C. § 636(c).  See Order filed July 23, 2010.[1]

        On November 9, 2011, plaintiff filed a motion for reconsideration of this court's September 28, 2011 order granting summary judgment on plaintiff's retaliation claim against

---

[1] On October 21, 2008, plaintiff filed a written consent to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  On August 3, 2010, after this matter had been referred to the undersigned with the consent of all parties pursuant to 28 U.S.C. § 636(c), plaintiff filed a statement declining to proceed before a United States Magistrate Judge. Plaintiff's August 3, 2010 filing is insufficient to withdraw the reference of this matter.  See Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.' 28 U.S.C. § 636(c)(6); Fed.R.Civ.P. 73(b); Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984).")

1

defendant Ralls. Plaintiff claims that the dispute between the parties over whether defendant Ralls failed to interview witnesses for plaintiff during the inmate grievance process is both material and relevant to that claim and therefore requires trial.

Rule 60(b) of the Federal Rules of Civil Procedures authorizes the court to grant relief from a final order on specified grounds, including "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Plaintiff's motion for reconsideration rests on the premise that plaintiff has a constitutionally protected right to "a fair and legitimate appeals process, including calling witnesses and having them heard." Motion for Reconsideration, filed November 9, 2011, at 3. That contention is different from the retaliation claim raised in the first amended complaint, on which this action is proceeding. See First Amended Complaint, filed June 15, 2010, at 8. Moreover, plaintiff has no constitutional right to specific administrative grievance procedures. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff has not shown grounds that either require or warrant relief from the court's order granting summary judgment to defendant Ralls. Accordingly, IT IS HEREBY ORDERED that, upon reconsideration, this court's September 28, 2011 grant of summary judgment in favor of defendant Ralls is confirmed.

DATED: December 7, 2011.

UNITED STATES MAGISTRATE JUDGE

12
dean2398.rec

2