IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY DEAN,

      Plaintiff,   No. 2:08-cv-2398 JFM (PC)

  vs.

HAZEWOOD, et al.,

      Defendants.   <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. By order filed October 19, 2011, this matter was set for settlement conference before Magistrate Judge Craig M. Kellison at the United States District Court in Sacramento on November 17, 2011. That order specifically provided in relevant part:

> 2. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989), <u>cited with approval in</u> <u>Official Airline Guides, Inc. v. Goss</u>, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. <u>Pittman v. Brinker Int'l., Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), <u>amended on recon. in part</u>, <u>Pitman v. Brinker Int'l, Inc.</u>, 2003 WL 23353478 (D. Ariz. 2003). The purpose behind

    3. Those in attendance must be prepared to discuss the claims,
defenses and damages. The failure of any counsel, party or
authorized person subject to this order to appear in person may
result in the imposition of sanctions. In addition, the conference
will not proceed and will be reset to another date.

Order filed October 19, 2011, at 2.

    Defendants did not comply with paragraph 2 of that order in that no person with "full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf" was present in person at the settlement conference. Accordingly, the settlement conference will be reset to December 23, 2011 at 8:30 a.m. at the United States District Court, 2986 Bechelli Lane, 3rd Floor, Redding, California 96002. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person. See footnote 1, supra. Failure to comply with this order will result in the imposition of sanctions.

    In accordance with the above, IT IS HEREBY ORDERED that:

    1. This settlement conference in this case before Magistrate Judge Craig M. Kellison is reset to December 23, 2011, at 8:30 a.m. at the United States District Court, 2986 Bechelli Lane, 3rd Floor, Redding, California 96002.

    2. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.

/////
/////
/////
/////

---

requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

3.  Those in attendance must be prepared to discuss the claims, defenses and damages.   The failure of any counsel, party or authorized person subject to this order to appear in person will result in the imposition of sanctions.

DATED: December 8, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
dean2398.set2